```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                          **CRIMINAL NO. 2:04-00100-01**

**MISTY DAWN JENKINS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

    Pending before the court is defendant's motion to reduce the amount of her monthly restitution payments. (Doc. No. 37.) In the court's January 12, 2005, Judgment Order, the court sentenced defendant to thirty-seven (37) months of imprisonment and three years of supervised release, and ordered her to pay restitution to the Workers' Compensation Commission in the amount of $39,973.80. (Doc. No. 28.) As a condition of her supervised release, defendant was ordered to make monthly payments of $200.00 toward her restitution obligation. (<u>Id.</u> at 4.)

    Defendant was released from custody on June 27, 2007. (Doc. No. 37 at 1.) She is currently participating in a culinary apprentice program at Carver Career and Technical Education Center in Charleston, West Virginia, from which she is expected to graduate in June of 2009. (<u>Id.</u>) She has also obtained a part-time position as a culinary apprentice at the Embassy Suites in Charleston. (<u>Id.</u> at 2.) Defendant asserts that, "given her limited earnings and family obligations," she will not be able to satisfy the $200.00 monthly restitution payment previously

ordered by this court.  (Id.)  She therefore requests that the payments be reduced to $50.00 per month until she completes her culinary training.  (Id.)  Defendant's probation officer confirms the information set forth in the motion and approves of the relief sought.

Title 18 United States Code Section 3664(k) states as follows:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.  The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim.  The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances.  Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3664(k).

The court is persuaded that defendant's economic circumstances have changed materially due to her current job training, and that the interests of justice require granting the relief defendant seeks.[*]  If defendant is able to complete her

---

[*] Federal Rule of Criminal Procedure 32.1(c) mandates a hearing before the court may alter the conditions of a defendant's supervised release. Fed. R. Crim. P. 32.1(c)(1). The rule includes an exception, however, where the relief sought is favorable to the defendant and does not extend the term of supervised release. Fed. R. Crim. P. 32.1(c)(2)(B). As such, the court will dispense with a hearing on this issue unless a hearing is requested by counsel for either party.

current job training successfully, the employment skills she will have obtained will render her better able to satisfy her restitution obligation.  Additionally, her request, which seeks modification of her payment schedule only while she is undergoing her training, is not overly expansive.

Before the court may grant defendant's motion, however, the court must receive certification that the West Virginia Workers' Compensation Commission has been notified of the impending change in the restitution payment schedule, as required by Section 3664(k).  See United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000)("Before adjusting the schedule for payment, the court must receive a certification from the Attorney General that those owed restitution have been informed of the defendant's changed circumstances.").  Accordingly, the court holds this matter **IN ABEYANCE** pending receipt of such notification, and **DIRECTS** counsel to take all necessary action in that regard.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to the Probation Office of this court.

It is **SO ORDERED** this 16th day of October, 2007.

                                              ENTER:

                                              David A. Faber
                                              United States District Judge